UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RPM FREIGHT SYSTEMS, LLC,

        Plaintiff,

v.

K1 EXPRESS, INC.,

        Defendant.
_____/

No. 21-11964

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT [11]**

Plaintiff RPM Freight Systems, LLC brings a three-count complaint against Defendant K1 Express, Inc. in this Court based on diversity jurisdiction. The matter is now before the Court on Defendant's motion to dismiss Counts II and III of the complaint.[1] (ECF Nos. 11, 12.) Plaintiff opposes the motion. (ECF No. 14.) Defendant has filed a reply. (ECF No. 15.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), this motion will be decided on the briefs and without oral argument. For the reasons set forth below, the Court GRANTS Defendant's motion.

**I.  Background**

According to the complaint, Plaintiff is a freight broker that specializes in arranging freight and finished vehicle transportation, and Defendant is a carrier that transports various types of cargo. Plaintiff and Defendant entered into a broker-carrier

---

[1] Defendant does not indicate it sought concurrence from Plaintiff prior to filing this motion as set forth in Eastern District of Michigan Local Rule 7.1(a). Nonetheless, the Court will address the motion on the merits. Also, Defense counsel does not appear to be an active member of the State Bar of Michigan and thus must specify local counsel as required by Local Rule 83.20(f)(1).

1

agreement under which Defendant agreed to move cargo that Plaintiff obtained under arrangements with its customers subject to the terms and conditions of the agreement. (*See* ECF No. 1-2.)  The agreement includes an indemnification provision under which Defendant agreed to defend, indemnify, and hold Plaintiff harmless for certain damages and losses arising out of the transportation of cargo.  Defendant also agreed to maintain commercial automobile liability insurance for the benefit of Plaintiff.

On September 16, 2019, Defendant signed a rate confirmation agreeing to deliver a load of Tesla vehicles for Plaintiff's customer, Tesla.  After picking up the vehicles, the truck carrying the vehicles caught fire and the vehicles were destroyed.  Tesla demanded Plaintiff reimburse it in the amount of $337,700 for the vehicle damage.  Plaintiff placed Defendant on notice of the loss, but Defendant denied Plaintiff's demand to defend or indemnify it for the Tesla vehicle damage.  Plaintiff also alleges it learned that Defendant did not name Plaintiff as an additional insured under its insurance policy.

Plaintiff now brings claims for breach of contract (Count I), declaratory judgment (Count II), and unjust enrichment (Count III).  (ECF No. 1.)  Defendant has filed both an answer to the complaint responding to Count I and the present motion seeking dismissal of Counts II and III.  (ECF Nos. 10, 11.)

**II.     Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  "[A] complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barney v. PNC Bank*, 714 F.3d 920, 924 (6th Cir. 2013) (internal quotations and citations omitted).  "A claim is plausible when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To survive a Rule 12(b)(6) motion, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III. Analysis

Defendant seeks dismissal of Plaintiff's declaratory judgment and unjust enrichment claims. Plaintiff opposes dismissal of these two counts.

#### A. Declaratory Judgment Claim

Defendant argues Plaintiff's declaratory judgment claim should be dismissed because it is redundant to its breach of contract claim. While "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in an appropriate case," Mich. Ct. Rule 2.605(C), the purpose of Michigan's declaratory judgment rule is in part to enable parties "to obtain an adjudication of their rights before actual injury occurs [or] to settle matters before they ripen into violations of law or a breach of contractual duty," *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 908 (6th Cir. 1999) (internal quotation marks and citation omitted). Here, any claims Plaintiff has for the Tesla vehicle damage have already ripened. Moreover, the declaratory judgment claim merely restates the issues set forth in the breach of contract claim and therefore

does not "serve a useful purpose."[2]  *See Omaha Property & Casualty Ins. Co. v. Johnson*, 923 F.2d 446, 447-48 (6th Cir. 1991) (setting forth the standard for when a district court should exercise its discretionary jurisdiction over a declaratory judgment action) (internal quotation marks and citation omitted).  Because Plaintiff's declaratory judgment claim would be rendered moot by a determination of the breach of contract claim, the Court finds dismissal of the declaratory judgment claim appropriate.

### B.     Unjust Enrichment Claim

Defendant argues Plaintiff's unjust enrichment claim should be dismissed because the parties' relationship is governed by the terms of their agreement.  Under Michigan law, a party cannot recover for both breach of contract and unjust enrichment.  *APJ Assocs., Inc. v. N. Am. Phillips Corp.*, 317 F.3d 610, 617 (6th Cir. 2003).  And while a party may, generally, bring inconsistent claims in the alternative, Fed. R. Civ. P. 8(d), "unjust enrichment is not a viable claim if an express contract governs," *Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 722 (E.D. Mich. 2005).  "In other words, alternative pleading of an implied contract claim is only allowed in a contract setting where a party doubts the existence of a contract." *Advanced Plastics Corp. v. White Consol. Indus.*, 828 F. Supp. 484, 491 (E.D. Mich. 1993) (citation omitted).  Here,

---

[2] In its breach of contract claim, Plaintiff alleges Defendant materially breached the agreement by failing to indemnify Plaintiff for the Tesla vehicle damage and by failing to ensure Plaintiff was named as an additional insured under its insurance policy. (ECF No. 1, PageID.4-5.)  In its declaratory judgment claim, Plaintiff seeks a judicial determination that the agreement requires Defendant to indemnify Plaintiff with respect to claims by third parties "related to or arising from any alleged negligence or omissions on the part of [Defendant] in connection with work performed under the Agreement, including without limitation, the Tesla vehicle damage" as well as a judicial determination that the agreement requires Defendant to name Plaintiff as an additional insured under a general liability insurance policy covering the Tesla vehicle damage. (*Id.* at PageID.5.)

Defendant admits it entered into a broker-carrier agreement with Plaintiff. (ECF No. 10, PageID.83.) Because the parties agree an express contract governs and Defendant is merely disputing the "scope, terms, and effect" of that contract, *see Advanced Plastics Corp.*, 828 F. Supp. at 492, the Court finds dismissal of Plaintiff's unjust enrichment claim appropriate as well.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss Counts II and III of Plaintiff's complaint is GRANTED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 12, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 12, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager