UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RPM FREIGHT SYSTEMS, LLC, | Case No.: 21-11964 |
| Plaintiff, | Nancy G. Edmunds |
| v. | United States District Judge |
| K1 EXPRESS, INC., | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL
NON-PARTY TESLA TO RESPOND TO SUBPOENA (ECF No. 26)**

**I.    PROCEDURAL HISTORY**

Plaintiff RPM Freight Systems, LLC ("RPM") brings this breach of contract action against Defendant K1 Express, Inc. (ECF No. 1). Defendant moved to compel non-party Tesla, Inc. to respond to their subpoena requests for certain documents in their possession. (ECF No. 26). Tesla responded (ECF No. 34) and Defendant replied (ECF No. 37). The motion was referred to the undersigned for hearing and determination. (ECF No. 27).

The parties appeared before the undersigned for a motion hearing. Counsel for Plaintiff, Defendant, and Tesla made oral arguments on Defendant's motion to compel (ECF No. 26). The parties then appeared for a status conference to discuss

resolved issues.  The motion was taken under advisement.  The motion is fully briefed and now ready for determination.

For the reasons discussed below, Defendant's motion to compel non-party Tesla to respond to subpoena (ECF No. 26) is **GRANTED IN PART**.

## II. BACKGROUND

RPM is a freight broker that arranges freight and finished vehicle transportation.  (ECF No. 1, PageID.2, ¶ 6).  K1 is a carrier who transports various types of cargo.  RPM and K1 entered into a Broker-Carrier Agreement in which K1 agreed to move cargo RPM arranged to ship.  (*Id.* at ¶¶ 8-10).

Tesla is an RPM customer.  K1 agreed to pick up a load of Tesla vehicles in California to ship to Pennsylvania.  (*Id.* at PageID.3, ¶ 13).  K1's truck carrying the Tesla vehicles caught fire and destroyed the Tesla vehicles.  (*Id.* at PageID.4, ¶ 16).  Tesla demanded RPM reimburse Tesla $337,700 for the vehicle damage.  (*Id*. at ¶ 17).  After RPM placed K1 on notice for the loss, K1 denied RPM's demand to defend or indemnify RPM for the Tesla vehicle damage.  (*Id.* at ¶ 18).  RPM brings this claim for Breach of Contract/Defense and Indemnification, Declaratory Relief, Unjust Enrichment/Common Law Indemnification.  (*Id*. at PageID.4-6).

## III. ANALYSIS

### A. Standards

Parties may obtain discovery on any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* Relevant evidence is evidence that makes the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Under Rule 45, parties may command a nonparty to, among other things, produce documents or attend a deposition. Fed. R. Civ. P. 45(a)(1). "The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Callidus Cap. Corp. v. FCA Grp.*, 2018 WL 1556231, at *3 (E.D. Mich. Mar. 30, 2018) (citation omitted). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

### B. Discussion

K1 requests that Tesla produce information and documents in response to Subpoena Requests Three and Five and Amended requests Six through Eleven.[1] Tesla objected to these outstanding discovery requests as vague, overbroad, and nonproportional to the needs of the case. K1 contends Requests Three and Five and Amended Requests Six through Eleven are narrowly tailored to the scope of the case and relevant to K1's claims. (ECF No. 26, PageID.305-11).[2] Tesla claims they conducted a good-faith search and produced all responsive documents for Requests Three and Five. (ECF No. 34, PageID.455-56). Tesla also contends Amended Requests Six through Eleven are irrelevant, unduly burdensome, and disproportionate to the needs of the case. (*Id.* at PageID.456-60). K1 reiterated their arguments in reply. (ECF No. 37).

1. Subpoena Request Three

In Subpoena Request Three, K1 seeks all documents, emails, and correspondence about the condition of the vehicles at origin of the transport. (ECF No. 26-1, PageID.318, at ¶ 3). Tesla claims they produced the Bill of Lading in

---

[1] Originally, K1 brough this motion under Michigan Supreme Court Rules. (ECF No. 26, PageID.303). But in reply, K1 conceded that the Federal Rules of Civil Procedure control here, not Michigan Supreme Court Rules. (ECF No. 37, PageID.478-79).

[2] K1 also argued that Tesla failed to provide an appropriate privilege log. (ECF No. 26, PageID.311). Parties later informed the Court that the privilege log issue is resolved. (ECF No. 40).

their first responses, and "there are no other documents Tesla can provide that are kept in the usual course of business responsive to this Request." (ECF No. 34, PageID.455). Without evidence that Tesla has the requested records, the Court cannot compel production of documents that do not exist. So, Defendant's motion to compel response to subpoena request three is **DENIED AS MOOT.**

2. Subpoena Request Five

In Subpoena Request Five, K1 seeks all documents, emails, and correspondence about maintenance work on the vehicles before the trip. (ECF No. 26-1, PageID.318, at ¶ 5). At the hearing, the parties agreed this issue is resolved. So, Defendant's motion to compel response to subpoena request five is **DENIED AS MOOT.**

3. Amended Subpoena Request Six

In Amended Subpoena Request Six, K1 seeks all documents about Tesla's investigation into the fire at issue. (ECF No. 26-7, PageID.358, at ¶ 6). Tesla claims it produced all responsive documents, though K1 maintains that vehicle logs for the subject vehicles are still outstanding. At the follow-up status conference, Tesla confirmed that there was log data from the vehicles spanning a few days before the incident, though they maintain the data is irrelevant. If the vehicle log data highlighted vehicle malfunction before transport, the data could support Defendant's affirmative defense that the fire damage was caused by the

"inherent vice" of the 2019 Model 3 Tesla, and not K1 Express. (ECF No. 10, PageID.89). Thus, K1's motion to compel subpoena response to amended request six is **GRANTED IN PART**. Tesla is **COMPELLED** to produce the vehicle log data for the vehicles damaged in the accident.

4. Amended Subpoena Request Seven

In Amended Subpoena Request Seven, K1 seeks all documents on fires in 2019 Model 3 vehicles from September 2018 through September 2020. (ECF No. 26-7, PageID.358, at ¶ 7). Tesla claims that no responsive documents were found. At the status conference, the parties agreed this issue is resolved. So, Defendant's motion to compel response to amended request seven is **DENIED AS MOOT.**

5. Amended Subpoena Request Eight

In Amended Subpoena Request Eight, K1 seeks all documents about lawsuits filed against Tesla for fire-related damage to 2019 Model 3 vehicles. (ECF No. 26-7, PageID.358, at ¶ 8). Tesla claims that no responsive documents were found. At the status conference, the parties agreed this issue is resolved. So, Defendant's motion to compel response to amended request eight is **DENIED AS MOOT.**

6. Amended Subpoena Request Nine

In Amended Subpoena Request Nine, K1 seeks all documents about safety testing performed on 2019 Model 3 vehicles. (ECF No. 26-7, PageID.358, at ¶ 9).

Tesla argues K1's request is overbroad and disproportionate to the needs of the case. (ECF No. 34, PageID.459). If safety testing revealed safety defects while in transit for sale, that evidence could support Defendant's affirmative defense that the fire damage was caused by the 2019 Model 3 Tesla. (ECF No. 10, PageID.89). Thus, K1's motion to compel subpoena response to amended request nine is **GRANTED IN PART**. Tesla is **COMPELLED** to produce any safety testing documents regarding 2019 Model 3 vehicles, but specifically relating to new models catching fire while in transit, prior to sale, and without being involved in a collision.[3]

7. Amended Subpoena Request Ten

In Amended Subpoena Request ten, K1 seeks all documents about safety advisories issued for 2019 Model 3 Vehicles. (ECF No. 26-7, PageID.358, at ¶ 10). Tesla argues K1's request is overbroad and disproportionate to the needs of the case. (ECF No. 34, PageID.459). If safety advisories warned that this model could catch fire while in transit for sale, that evidence could support Defendant's affirmative defense that the fire damage was caused by malfunction in the vehicle, not K1 Express. (ECF No. 10, PageID.89). Thus, K1's motion to compel subpoena response to amended request ten is **GRANTED IN PART**. Tesla is

---

[3] Tesla was concerned that they may disclose proprietary information through production. If the production is not covered by the stipulated confidentiality protective order (ECF No. 28), Tesla may move to protect themselves.

**COMPELLED** to produce any safety advisories issued for 2019 Model 3 vehicles related to new models catching fire while in transit, prior to sale, and without being involved in a collision.

8. Amended Subpoena Request Eleven

In Amended Subpoena Request Eleven, K1 seeks all documents about any defects reported by Tesla in 2019 Model 3 vehicles, including defects in headlights, battery packs, and electrical systems. (ECF No. 26-7, PageID.358, at ¶ 11). Tesla argues K1's request is overbroad and disproportionate to the needs of the case. (ECF No. 34, PageID.459). If documents showed defects in this model caused fires while in transit for sale, that evidence could support Defendant's affirmative defense that the fire damage was caused by vehicle defects. (ECF No. 10, PageID.89). Thus, K1's motion to compel subpoena response to amended request eleven is **GRANTED IN PART**. Tesla is **COMPELLED** to produce any documents about defects in parts in 2019 Model 3 vehicles related to new models catching fire while in transit, prior to sale, and without being involved in a collision.

Tesla must comply with this Order **within 14 days of service** of the Order. K1, as the moving party, must serve a copy of this Order on Tesla **within 5 business days** of this Order.

IV. **CONCLUSION**

8

For the reasons stated above, Defendants' motion to compel non-party Tesla's subpoena response (ECF No. 26) is **GRANTED IN PART**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2. The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636.

Date: November 8, 2022          s/Curtis Ivy, Jr.
                                Curtis Ivy, Jr.
                                United States Magistrate Judge