UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RPM FREIGHT SYSTEMS, LLC, | Case No. 21-11964 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| K1 EXPRESS, INC., | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

# ORDER DENYING PLAINTIFF'S MOTION TO STRIKE, MOTION TO QUASH (ECF Nos. 44; 47)

Plaintiff filed this case on August 24, 2021. (ECF No. 1). This matter is presently before the Court on Plaintiff's motion to strike Defendant's expert witness and Plaintiff's motion to quash Defendant's amended subpoena directed to non-party Beazley. (ECF Nos. 44; 47). These motions were referred to the undersigned on April 6, 2023. (ECF No. 58). For the reasons discussed below, the undersigned **DENYS** Plaintiff's motions. (ECF Nos. 44; 47).

### I. DISCUSSION

#### a. Motion to Strike

Plaintiff's December 9, 2022, motion to strike relates to Defendant's expert witness Timothy Lomprey. (ECF No. 44, PageID.519).

1

Routinely, expert reports are expressly required to be disclosed under Rule 26(a)(2)(A) and (B), and Rule 37(c) provides for sanctions for failure to disclose them. Fed. R. Civ. P. 26(a)(2)(A); 26(a)(2)(B); 37(c). The Sixth Circuit has interpreted Rule 37(c)(1) to "require[ ] absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, 182 F.3d 920 (6th Cir. 1999)). "Although exclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e), Rule 37(c)(1) provides the court with the option to order alternative sanctions instead of exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard.'" *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (quoting Fed. R. Civ. P. 37(c)(1)); *see also Champion Food Serv. LLC v. Vista Food Exch.*, 2016 WL 4468000 (N.D. Ohio Aug. 26, 2016) ("Rule 37(c)'s sanction of exclusion is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless.") (citing *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) (citation omitted)); *Mallco Co. v. Universal Granite & Marble, Inc.*, 2017 WL 733247, at *4 (E.D. Mich., Feb. 24, 2017); *Wallace Sales & Consulting, LLC v. Tuopu N. Am., Ltd.*, 2016 WL

2

6836993, at *1 (E.D. Mich., Nov. 21, 2016). If the moving party establishes that the non-moving party did not comply with its obligations under Rule 26, the burden shifts to the potentially sanctioned party to show that the violation of Rule 26 was "justified" or "harmless." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 905, 908-09 (N.D. Ohio Nov. 7, 2008), *aff'd*, 606 F.3d 262 (6th Cir. 2010) (citations omitted).

Defendant did not specifically name Lomprey on its July witness list. (ECF No. 31). Defendant disclosed Lomprey's expert disclosure and report on November 27, 2022. (ECF No. 44, PageID.519; ECF No. 46, PageID.583). Plaintiff argues Lomprey's report must be stricken because Lomprey was not identified on Defendant's July witness list. (ECF No. 44, PageID.518-19). Defendant argues that it identified Lomprey in its initial disclosures on January 28, 2022, as someone who "will have discoverable information regarding the investigation into the cause and origin of the fire damage to the subject cargo." (ECF No. 46, PageID.584). Defendant further argues that its July witness list named "[a]ll individuals identified in any . . . *initial disclosures* . . . ." (*Id.* at PageID.585) (citing ECF No. No. 31, PageID.440) (emphasis added in briefing). Defendant argues that the Court's Scheduling Order here provides the time for disclosure of expert testimony as the time limit contained in Rule 26(a)(2) according to the trial date set by the Court.

Plaintiff argues Defendant's disclosure of expert witness Lomprey was untimely and violates both Rule 26 and this Court's Scheduling Order. (ECF No. 44, PageID.519). On January 27, 20222, District Judge Edmunds issued a Scheduling Order which set the witness list deadline as July 20, 2022. (ECF No. 20, PageID.137). This Order also specified "[t]he time limit for disclosure of expert testimony contained in Rule 26(a)(2) is to be followed according to the trial date set by the Court. Full disclosure of computer generated visual or animated evidence and full disclosure of underlying data is required." (*Id.* at PageID.138).

In light of the language of the Scheduling Order, the time limit contained in Rule 26(a)(2) controls, which requires expert witness disclosures be made at least 90 days before the date set for trial or within 30 days after the other party's disclosure if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C). Fed. R. Civ. P. 26(a)(2)(D). The Scheduling Order initially set trial for March 7, 2023, but was amended on August 19, 2022, and moved the trial date to June 5, 2023. (ECF Nos. 20; 38). The disclosure of Lomprey and his expert report occurred on November 27, 2022, which is at least 90 days before trial by either date. (ECF No. 44, PageID.528). The disclosure of the expert witness was timely because the disclosure occurred before the deadline set by Judge Edmunds'

4

Scheduling Order. As the expert witness disclosure was timely pursuant to the Scheduling Order, the motion to strike is **DENIED**. (ECF No. 44).

### b. Motion to Quash

On December 27, 2022, Plaintiff moved to quash Defendant's amended subpoena directed at non-party Beazley. (ECF No. 47, PageID.614). This case involves a breach of contract claim between Plaintiff and Defendant. Plaintiff and Defendant contracted to transport cargo—at issue in this lawsuit is a load of Tesla vehicles. (ECF No. 1). While Defendant was carrying the Tesla vehicles, a fire occurred, and the Tesla vehicles were destroyed. (*Id.* at PageID.4). Tesla demanded Plaintiff reimburse Tesla for the vehicle damage. (*Id.*). Defendant denied Plaintiff's demand to defend or indemnify Plaintiff for the Tesla vehicle damage. (*Id.*). Plaintiff also presented an insurance claim to Plaintiff's insurer, non-party Beazley, for the fire damage that occurred to the Tesla vehicles. (ECF No. 47, PageID.615). The subject subpoena relates to the written cause and origin report and related photographs and exhibits possessed by non-party Beazley. (*Id.* at PageID.623).

Ordinarily, a party has "'no standing to seek to quash a subpoena directed to a non-party.'" *Underwood v. Riverview of Ann Arbor*, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008) (quoting *United States v. Wells*, 2006 WL 3203905, at *2 (E.D. Mich. Nov. 3, 2006)). If the movant can show the subpoena would

5

violate their privilege or a personal right, they may have standing. *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (6th Cir. 1997). Plaintiff here is seeking to quash a subpoena directed at non-party Beazley but argues the information sought is protected by the work-product doctrine. The Court must first address whether Plaintiff has standing to seek to quash this subpoena.

To determine whether a document was prepared "in anticipation of litigation" and constitutes protected work-product, the Sixth Circuit explained that the Court should begin with a two-part analysis into "(1) whether that document was prepared 'because of' a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable." *In re Pros. Direct Ins. Co.*, 578 F.3d 432, 439 (6th Cir. 2009) (internal citations omitted). At the same time, "[i]t is clear that documents prepared in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes, are not covered by the work product privilege." *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006). "[T]he burden is on the party claiming protection to show that anticipated litigation was the 'driving force behind the preparation of each requested document.'" *In re Pros. Direct Ins. Co.*, 578 F.3d at 439 (quoting *Roxworthy,* 457 F.3d at 595)). "Making coverage decisions is part of the ordinary business of insurance and if the 'driving force' behind the preparation" of

6

documents is to help decide coverage, then documents "are not protected by the work-product doctrine." *Id.* (citing *Roxworthy*, 457 F.3d at 595).

Plaintiff submitted "an insurance claim to its insurer non-party Beazley for the fire damage that occurred to the Tesla vehicles[.]" (ECF No. 47, PageID.615). The documents that are the subject of the subpoena are the written cause and origin report and related photographs and exhibits for the fire. (*Id.* at PageID.623). Plaintiff argues that because Defendant's insurer had denied liability for the loss of the Tesla vehicles, that non-party Beazley "would have reasonably anticipated the 'prospect' or 'threat' of litigation prior to the instant action as a result of their denial to [Plaintiff's] claim." (ECF No. 52, PageID.1152). That said, the "driving force" here appears to be to help Beazley in deciding coverage, meaning the documents are not protected work-product. The documents were made in the ordinary course of business and a mere prospect of future litigation cannot render these documents prepared in anticipation of litigation. *Casual Living Worldwide, Inc. v. Lane Furniture Indus., Inc.*, No. 3:07CV-167-H, 2008 WL 11363242, at *7 (W.D. Ky. Sept. 9, 2008) ("The mere possibility of litigation will not itself be sufficient."). As the documents are not work-product, based on the arguments presented, the Court finds there is no privilege or personal right by Plaintiff to quash the subpoena directed at its insurer.

7

Unlike a motion to quash, a motion for a protective order is available to "a party or any person from whom discovery is sought." Fed. R. Civ. P. 26(c)(1). Courts in the Sixth Circuit have interpreted the mention of "a party" as allowing parties to file a motion for a protective order for a non-party. *See Fleet Bus. Credit Corp. v. Hill City Oil Co., Inc.*, 2002 WL 1483879, at *2 (W.D. Tenn. Jun. 26, 2002) ("Many district courts have acknowledged this aspect of the rule which allows a party to file a motion for protective order on behalf of a non-party"). Thus, some courts have reviewed motions to quash third-party subpoenas under the standards of a Rule 26(c) protective order as well. *Underwood*, 2008 WL 5235992, at *2. The Court will do so here.

Defendant argues that Plaintiff's motion is untimely. (ECF No. 49, PageID.728). Federal Rule of Civil Procedure 26(c)(1) does not include an explicit deadline for moving for a protective order. Yet in the motion for protective order context, "most courts require motions for protective orders to be filed before discovery responses are due." *Automation Controls & Eng'g, LLC v. Felsomat USA, Inc.*, No. CV 19-12724, 2020 WL 12574920, at *1 (E.D. Mich. June 8, 2020) (citing *SMA Portfolio Owner, LLC v. Corporex Realty & Inv.*, LLC, No. CV 11-168-DLB-JGW, 2014 WL 12650589, at *2 (E.D. Ky. Apr. 18, 2014); *William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 WL 2534207, at *4 (E.D. Mich. June 18, 2010)). The subpoena response date was December 15,

2022. (ECF No. 49, PageID.729). Plaintiff did not file this motion until December 27, 2022. (*Id.*). Plaintiff did not seek this protective order within the time to respond, so this motion is untimely.

Even presuming Plaintiff's motion is timely, however, there is not good cause for a protective order. Entitlement to a protective order requires a showing of good cause to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had, or that the disclosure or discovery be limited to certain matters. Fed. R. Civ. P. 26(c). To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). Plaintiff argues that the amended subpoena seeks irrelevant documents and Defendant has failed to demonstrate a substantial need for the documents. (ECF No. 47, PageID.628-29). Plaintiff also asserts the documents sought are inadmissible hearsay. (*Id.* at PageID.620). Plaintiff argues the Carmack Amendment[1] does not apply to this breach of contract claim, but this assertion was not developed. (*Id.* at PageID.628-29) (citing 49 U.S.C. § 14706).

---

[1] The parties do no provide context on how the Carmack Amendment is relevant to this motion. The Carmack Amendment appears to be one of Defendant's affirmative defenses. Defendant argues "[a]s Plaintiff was not the shipper as defined by the Carmack Amendment, 29 U.S.C. § 14706, Plaintiff does not have standing to assert such claims." (ECF No. 10, PageID.89). Plaintiff contests this and argues "nor does the agreement incorporate the defenses located within the Carmack Amendment as [Defendant's] Affirmative Defenses suggest." (ECF No. 47, PageID.630).

Plaintiff also argues the information sought is 'duplicative' of Defendant's expert's opinion. (*Id.* at PageID.630).

As the Court has determined the documents sought are not work-product, Defendant does not have to demonstrate a substantial need to access them. As to relevance, Defendant argues that the cause of the fire is relevant, and that Defendant pleaded an affirmative defense that the fire was caused by an inherent defect in one of the vehicles. (ECF No. 49, PageID.732). In reply, Plaintiff argues the contract in dispute does not provide an "inherent vice" or "nature of the goods" defense which frees Defendant from liability. (ECF No. 52, PageID.1154). The parties do not develop the arguments related to the relevance and the Court is not persuaded on the basis of these conclusory statements that the information sought is not relevant. As to the assertion the documents are inadmissible hearsay, information need not be admissible to be discoverable and admissibility is not a consideration. Regarding the argument the information sought is duplicative, documents are not duplicative merely because they are consistent with other information already obtained. Plaintiff has not shown that the discovery is duplicative and discovery is not *per se* burdensome merely because it could be duplicative.

Plaintiff has not shown a clearly defined or serious injury resulting from the subpoena directed at Beazley. Plaintiff's motion is **DENIED**. (ECF No. 47).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: April 13, 2023,   s/Curtis Ivy, Jr.
                        Curtis Ivy, Jr.
                        United States Magistrate Judge